UNITED STATES OF AMERICA

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

UNITED STATES                           DOCKET NO. 04-cr-10019-02

VERSUS

                                          JUDGE DEE D. DRELL

JULIUS JACKSON                     MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is a motion to vacate sentence filed on March 24, 2008, pursuant to 28 U.S.C. §2255 by petitioner, Julius Jackson ("Jackson") (Doc. Item 139). Jackson is contesting his 2006 conviction by a jury in the United States District Court in the Western District of Louisiana, Alexandria Division on one count of assault resulting in serious bodily injury. Jackson was sentenced to 120 months in the custody of the Bureau of Prisons as well as three years supervised release. Additionally, he was ordered to pay a fine in the amount of $10,000 and a criminal victim fund assessment in the amount of $100.

Jackson filed a timely notice of appeal on May 16, 2006 (Doc. Item 116). On June 6, 2007, the Fifth Circuit Court of Appeals issued its mandate ordering the judgment of the District Court affirmed (Doc. Item 136).

In the instant motion to vacate, Jackson raises several grounds for relief all in the context of a claim for ineffective assistance of counsel.

## RULE 8(a) Resolution

The court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. U.S. v. Green, 882 F.2d 999, 1008 (5th Cir. 1989), 28 U.S.C. §2255, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## Law and Analysis

There are four grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or, (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992), cert. denied 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The scope of relief under Section 2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

2

result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir, 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction, exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein.

A claim may not be reviewed under §2255 absent a showing of cause and prejudice or actual innocence. U.S. v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991). Moreover, a prisoner who shows the possibility of prejudice may not obtain collateral relief under §2255 without demonstrating cause for his failure to raise the error at trial or on direct appeal. Shaid, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. If the petitioner cannot show cause, the failure to raise the claim in an

3

earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim, i.e. the petitioner must make a colorable showing of actual innocence. U.S. v. Flores, 981 F.2d 231, 235-36 (5th Cir. 1993). Also, McCleskey v. Zant, 499 U.S. 467, 495, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991), rehearing denied, 501 U.S. 1224, 111 S.Ct. 2841, 115 L.Ed.2d 1010 (1991). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995), cert. denied, 519 U.S. 1142, 117 S.Ct. 1017, 136 L.Ed.2d 893 (1997).

The cause and prejudice test, however, does not apply to claims of ineffective assistance of counsel which are ordinarily brought for the first time on collateral review. U.S. v. Gaudet, 81 F.3d 585, 589 n.5, (5th Cir. 1996), citing U.S. v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). Also, Acklen, 47 F.3d at 742.

Ineffective Assistance of Counsel

Jackson raises three distinct issues in the context of his ineffective assistance of counsel claim.[1] These issues are:

(1) failure to adequately investigate and object to the

---

[1] Jackson sets forth a fourth issue which he phrases as an ineffective assistance of counsel claim against his appellate attorney for failing to raise on appeal issues regarding the miscalculation of his sentence and prosecutorial misconduct. As the argument in support is nothing more than additional argument in support of these grounds previously set forth in the motion, each will be addressed under the appropriate subheading.

4

sentence imposed in excess of the maximum sentence available under the United States Sentencing Guidelines;

(2) failure to object to selective prosecution; and

(3) failure to object to prosecutorial misconduct.

The Law

To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S.668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must show that his counsel's performance was both deficient (i.e. that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense"). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings; rather, he must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Anderson v. Collins, 18 F.3d 1208, 1215 (5th Cir. 1994), and cases cited therein. Also, U.S. v. Segler, 37 F.3d 1131, 1136 (5th Cir. 1994).

Failure to object to the sentence imposed

Alleged violations of Federal Rule of Criminal Procedure 32[2] that could have been raised on direct appeal or through a Rule 35 motion to correct a sentence are not cognizable for the first time in a Section 2255 proceeding. U.S. v. Weintraub, 871 F.2d 1257, 1266 (5th Cir. 1989). See also, U.S. v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989), cert. denied, 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989). Additionally, an erroneous application of the sentencing guidelines does not state a constitutional claim or a jurisdictional claim of error under Section 2255. It is an application of statutory law. Grant v. U.S., 72 F.3d 503, 505-06 (6th Cir. 1996), cert. denied, 517 U.S. 1200, 116 S.Ct. 1701, 134 L.Ed.2d 800 (1996); U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). See also, U.S. v. Payne, 99 F.3d 1273, 1281 (5th Cir. 1996). Jackson, however, is raising his sentencing claims in the context of ineffective assistance of counsel.

In showing he was rendered ineffective assistance of counsel in regard to his sentence, Jackson must additionally show there was a reasonable probability that but for counsel's errors, the defendant's non-capital sentence would have been significantly less harsh. Relevant factors are the defendant's actual sentence, the

---

[2] Federal Rule of Criminal Procedure provides for: the time of sentencing, the presentence investigation, the presentence report, the contents of the presentence report, the sentencing hearing, the imposition of sentence, the notification of right to appeal, the judgment and the plea withdrawal.

potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences and any relevant mitigating or aggravating circumstances. Segler, 37 F.3d at 1136.

Jackson contends that the sentence imposed exceeded the maximum sentence available under the United States Sentencing Guidelines ("the Guidelines"). The Guideline for a violation of 18 U.S.C. §113(a)(6) is found at Section 2A2.2, and according to Section 2A2.2(a), the base offense level for assault is 14. Pursuant to Section 2A2.2(b)(2)(B), if a dangerous weapon is used, the base level increases a defendant's offense level by four levels.[3]

Jackson argues that the district judge erred by finding facts which led him to conclude the four level enhancement was warranted. Jackson relies upon Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007) and U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) to support his position that either he must admit or the jury must find that he used a dangerous weapon for the enhancement to apply. However, pursuant to United States v. Mares, a sentencing judge is still allowed to make factual findings which relate to sentencing. United States v.

---

[3] Of course the Sentencing Guidelines are now advisory only. Gall v. U.S., ?? U.S. ??, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); Rita v. U.S., ?? U.S. ??, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

7

Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 546 U.S. 828, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). "Booker contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing. The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." Id., citing, Booker, 543 U.S. 220, 233, 258-59, 125 S.Ct. 738, 750,764. See also, United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006); United States v. Williams, 520 F.3d 414, 422 (5th Cir. 2008); United States v. High Elk, 442 F.3d 622, 626 (8th Cir. 2006).

Accordingly, the district judge was correct in finding, by a preponderance of the evidence, facts relevant to whether or not Jackson used a dangerous weapon. In so deciding, the district judge relied upon the fact a fury found Jackson guilty of assault resulting in bodily injury. Additionally, the district judge found Jackson to be a principal to the assault in which dangerous weapon was used and, thus, increased the base offense level by four levels under Guideline 2A2.2(b)(2)(B) the four level enhancement was appropriate.[4]

---

[4] Jackson was convicted of the same count to which his two co-defendants pled guilty, and Ronald Walker admitted during Jackson's trial that he (Walker) used a razor to cut Reginald Hollins during the assault (Tr. Vol. 1, p. 193).

8

Though Jackson asserts both his trial and appellate counsel rendered ineffective assistance of counsel for failing to object to, argue against and/or appeal the 120 month sentence, the contention is without merit.

Jackson's trial counsel performed to the best of his ability at sentencing by objecting to inclusion of the four point enhancement for the use of a dangerous weapon in the presentence report. Therefore, his performance was not deficient. Additionally, though Jackson's counsel did not appeal the issue (because the calculation was correct and there was no error to appeal), there was no "reasonable probability" that the sentence would have been different. Even if the four step increase for use of a dangerous weapon had not been used, the sentencing range would have only dropped to a range of 70 to 87 months, not the 37 to 46 months as Jackson contends.[5] As it cannot be said that a sentence within the 70 to 87 month range would have been "significantly less harsh", Jackson has failed to prove an ineffective assistance of counsel claim against either his trial or appellate counsel.

Accordingly, this ground for relief is meritless.

---

[5] Jackson contends that the Guideline range for his sentence should be 37 to 46 months because the base offense level is fourteen and his criminal history category is a VI. Even if it were true that the four point enhancement for use of a dangerous weapon was applied in error, Jackson's offense level would be a 20, not a fourteen, as other enhancement (to which he does not object) increased the offense level from 14 to 20. The Guideline range for a offense level of 20 and a criminal history category of VI is 70 to 87 months.

Selective Prosecution

Jackson also claims he was prosecuted simply because he was black and because he was affiliated with a gang but his counsel failed to raise any objections. In general, the decision to prosecute an individual "rests entirely" within the discretion of the prosecutor. United States v. Armstrong, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996), quoting Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). "In the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties." Id., quoting, United States v. Chemical Found, Inc., 272 U.S. 1, 14-15, 47 S.Ct. 7, 71 L.Ed. 131 (1926).

Though prosecutors are entitled to discretion, there are still constitutional constraints which prohibit prosecutors from basing their decision on "an unjustifiable standard such as race, religion, or other arbitrary classification." Id. "In order to prevail, a defendant must show a discriminatory effect and motive behind the decision. First, he must make a *prima facie* showing that he has been singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted. Second, having made the first showing, he must then demonstrate that the government's selective prosecution of him has been constitutionally invidious. The showing of invidiousness is made if a defendant demonstrates that the government's selective

prosecution is actuated by constitutionally impermissible motives on its part, such as racial or religious discrimination." <u>United States v. Ramirez</u>, 765 F.2d 438, 439-40 (5th Cir. 1985) (alterations in original)(citations omitted).

Jackson improperly asserts conclusory allegations and fails to meet the burden of proof. He has not shown he was singled out nor has he shown that he was prosecuted "because" he was black and/or "because" he was in a gang. See <u>United States v. Jennings</u>, 724 F.2d 436, 446 (5th Cir. 1984) (rejecting a selective prosecution claim, in part because the defendant "offered nothing but bare general allegations that the selectivity was motivated by racial considerations."). As there is no obligation for counsel to raise, either at trial or on appeal, that which has no merit, counsel was not ineffective in rendering assistance because he did not raise objections at the trial and/or appellate levels for selective prosecution.

Accordingly, Jackson is not entitled to any relief under 28 U.S.C. §2255 based on his selective prosecution claim.

<u>Prosecutorial Misconduct</u>

Jackson's final contention is that counsel failed to object to the prosecutor's intentional introduction of false evidence during trial and closing arguments. Jackson argues that a witness by the name of Reginald Arline ("Arline") provided false testimony at trial and counsel failed to object.

Jackson's trial attorney effectively cross examined Arline. He thoroughly questioned him regarding his testimony that he was on the same tier and within close enough proximity to hear what was being said during the assault. Though counsel did not cause Arline to change his testimony, he was successful in raising doubt as to whether Arline's statements were true (Tr. Vol.2, p.231-340).

Although the issue of false testimony was not raised upon appeal, Jackson has neither proven that prosecutorial misconduct did in fact exist and/or that he was prejudiced by his counsel's failure to raise the issue on appeal. To prove a claim for prosecutorial misconduct, Jackson must show that the conduct complained of so infected the trial with unfairness as to make the resulting conviction a denial of due process. <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). As previously stated, Jackson's attorney was successful into calling Arline's testimony into doubt. It is likely that a jury would have found Arline lacked credibility because prison records indicated he was locked in a cell on a completely different tier than Jackson. However, even if the appellate attorney erred in failing to raise the issue on appeal, Jackson has not articulated how he was prejudiced. Testimony from other witnesses, including the victim, was sufficient evidence to find Jackson guilty of assault resulting in bodily injury.

Therefore, Jackson's claim is without merit.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Jackson's motion to vacate sentence (Doc. Item 139) be DENIED.

Having found no genuine issues of material fact with respect to Jackson's motion to vacate his sentence, IT IS FURTHER RECOMMENDED that Jackson's motion for an evidentiary hearing (Doc. Item 140) be DENIED as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 28ᵀᴴ day of July, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE