

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION NO. 04-10019-02 |
| -vs- | JUDGE DRELL |
| JULIUS L. JACKSON | MAGISTRATE JUDGE KIRK |

## RULING

Before the court is a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct Petitioner Julius Jackson's (Petitioner) sentence, filed on August 15, 2013 (Doc. 207) and supplemented on June 27, 2014 (Doc. 222). Petitioner also filed a Motion for an Evidentiary Hearing relating to his § 2255 motion (Doc. 210), and a Motion to Proceed In Forma Pauperis (Doc. 208). For the following reasons, Petitioner's Motion to Proceed In Forma Pauperis will be **GRANTED** and his § 2255 motion and Motion for an Evidentiary Hearing will be **DENIED**.

I.  Background

Petitioner contests his 2006 sentence for assault resulting in serious bodily injury, imposed following a jury trial in this court. Petitioner was sentenced to 120 months in the custody of the Bureau of Prisons as well as three years of supervised release. He was also ordered to pay a $10,000 fine and a criminal victim fund assessment in the amount of $100. In his latest motion, Petitioner alleges a recent decision by the United States Supreme Court, in which the Court held facts that increase a mandatory minimum

sentence must be found by a jury, should be retroactively applied to Petitioner's case and thus his sentence should be vacated, set aside, or overturned.

## II.     Proceeding In Forma Pauperis

After considering Petitioner's Motion to Proceed In Forma Pauperis and accompanying Declaration of Indigence, we will grant this motion.

## III.    Evidentiary Hearing

We are able to resolve the merits of Petitioner's motion without the necessity of an evidentiary hearing because the motion, files, and record of the case provide the required and adequate factual basis necessary to the resolution of this § 2255 application. United States v. Reed, 719 F.3d 369, 373 (5th Cir. 2013) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." (internal quotations and citations omitted)). Petitioner's "[c]onclusory allegations, unsubstantiated by evidence, do not support [his] request for an evidentiary hearing." Id.

## IV.     Law and Analysis

There are four grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction

2

to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992); see also United States v. Scruggs, 691 F.3d 660, 666 (5th Cir. 2012) (internal quotation marks and citations omitted). While this language appears broad, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Young, 77 F. App'x 708, 709 (5th Cir. 2003) (citing United States. v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992)).

The Supreme Court and the Fifth Circuit have emphasized that habeas review is an "extraordinary remedy" and may not do service for a direct appeal. United States v. Cooper, 548 F. App'x 114, 115 (5th Cir. 2013) (quoting Bousley v. United States., 523 U.S. 614, 622 (1998)). Following a conviction and exhaustion or waiver of any right to direct appeal, federal courts may presume a defendant stands fairly and finally convicted. United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001) (citing United States v. Frady, 456 U.S. 152, 167–68 (1982); United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (en banc)). Consequently, the nature of a collateral challenge under § 2255 is fairly limited:

> Review under § 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude. If a § 2255 movant failed to raise a claim on direct appeal, he may not raise it on collateral review unless he shows cause [for

the procedural default] and [actual] prejudice [resulting from the error of which he complains] or that he is actually innocent.

Scruggs, 691 F.3d at 666 (internal citations omitted). See also, e.g., Bousley, 523 U.S. at 622; Willis, 273 F.3d at 595; United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).

Moreover, motions under § 2255 are subject to a one-year period of limitation, running from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. Retroactivity

Petitioner alleges that his motion is timely in light of a new right created by the United States Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). We can consider whether Alleyne may be retroactively applied to Petitioner's

case because he filed this motion within 2255(f)'s one-year period of limitation from the Alleyne decision.

The Supreme Court has cautioned that when courts consider applying rules retroactively to petitions for habeas corpus, "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Teague v. Lane, 489 U.S. 288, 310 (1989).  Therefore, before we reach Alleyne's applicability to Petitioner's case, we must determine whether the holding in that case creates a rule that falls under one of the two exceptions announced by the Court in Teague v. Lane.  If a rule (1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or (2) creates a "watershed rule of criminal procedure," then it is appropriate to apply it retroactively.  Teague, 489 U.S. at 311 (internal quotation marks and citations omitted).  The Fifth Circuit has emphasized that the Teague exceptions are only applicable when a rule "breaks new ground or imposes a new obligation on the States or the Federal Government." Lave v. Dretke, 444 F.3d 333, 335 (5th Cir. 2006) (quoting Teague, 489 U.S. at 301).  Moreover, a rule is new "unless it was 'so dictated by precedent existing at the time the defendant's conviction became final.'" United States v. Amer, 681 F.3d 211, 213 (5th Cir. 2012) (quoting Teague, 489 U.S. at 301) (emphasis removed).

In Alleyne, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury." 133 S. Ct. at 2163.  This holding overruled the Court's previous decision in Harris v. United States, 536 U.S. 545 (2002).  In Harris, the

5

Court held that "judicial factfinding in the course of selecting a sentence" was permissible and did not implicate the Sixth Amendment right to a jury trial. 536 U.S. at 558. Alleyne explicitly overturned this directive, so it did create a new rule within the meaning of the exceptions defined in Teague. See Amer, 682 F.3d at 213.

However, although we can consider Alleyne's retroactive applicability to Petitioner's case, we find that it does not provide for the relief he requests. In Alleyne, the defendant was convicted of "using or carrying a firearm in relation to a crime of violence." 133 S. Ct. at 2155. The jury verdict did not indicate a finding that the defendant had brandished the firearm, but a presentence report implied that brandishing had taken place, and the trial court judge sentenced the defendant based on the minimum sentences for "cases in which a firearm has been 'brandished.'" Id. at 2156. Because "the core crime and the fact triggering the mandatory minimum sentence together constitute[d] a new, aggravated crime," the Court concluded that the Sixth Amendment right to a jury trial required that the fact enhancing the decision could only be determined by a jury, not the judge. Id. at 2161.

Petitioner was convicted of Assault Resulting in Serious Bodily Injury under 18 U.S.C. § 113(a)(6). (Doc. 102). Pursuant to a Presentence Investigation Report which detailed Petitioner's criminal history and noted appropriate enhancements for this history under the Federal Sentencing Guidelines, he was sentenced by this court to 120 months in the custody of the U.S. Bureau of Prisons. (Doc. 115). The Federal Sentencing Guidelines were created by the United States Sentencing Commission, establishing point system in which minimum sentences for federal crimes may be adjusted for certain

reasons. See, e.g., U.S. Sentencing Guidelines Manual § 4A1.1 (providing for point additions to sentences if defendants have prior sentences of imprisonment). Prior criminal history is one such reason for which a defendant's sentence may be enhanced. See id. It is not an element of the crime for which Petitioner was convicted; it is a fact relevant to the sentence that was applicable to him under the federally created guidelines, and one that the Supreme Court has specifically noted is not required to be proved to a jury. United States v. Booker, 543 U.S. 220, 244 ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)).

Petitioner also cites other cases that he asserts we should apply retroactively, but because all of these cases were decided by the Supreme Court over one year before he filed his § 2255 motion, we will not discuss them because they are barred by § 2255(f)'s time limitation. Dodd v. United States, 545 U.S. 353, 357 (2005) (holding that "[a]n applicant has one year from the date on which the right he asserts was initially recognized by this Court" in § 2255 actions). However, even if we did reach the merits of those cases, none would provide the relief Petitioner seeks. Therefore, we hold that Petitioner is not entitled to have his sentence vacated, set aside, or corrected in light of the Supreme Court's holding in Alleyne v. United States.

V.   **Conclusion**

Based on the foregoing analysis, Julius Jackson's § 2255 motion to vacate, set aside, or correct his sentence (Doc. 207, 222) is DENIED. Petitioner's Motion for an

Evidentiary Hearing (Doc. 210) is DENIED, and his Motion to Proceed In Forma Pauperis (Doc. 208) is GRANTED.

SIGNED on this 10th day of November, 2014 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT